UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

**Case No. CV-26-02685-MWF (RAOx)** **Date: October 19, 2026**

Title: Alta Zarco v. California Trusted Contractor, Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE OSC [16] REMANDING ACTION FOR LACK OF JURISDICTION

On September 23, 2026, the Court issued an Order to Show Cause (the "OSC") to Defendant Frank Dominguez, requiring a response by October 9, 2026, as to why the Court should not immediately remand this action to the superior court. (Docket No. 16). Defendant Dominguez did not respond to the OSC. On October 14, 2026, Plaintiff Alta Zarco filed a Notice of Defendant's Failure to Respond to Order to Show Cause and Request for Immediate Remand. (Docket No. 17).

The Court acknowledges receipt of Defendant Dominguez's response to the Court's Order to Show Cause in the related action, *Frank Dominguez v. Alta Zarco*, 2:26-cv-02411-MWF(RAOx) (the "CV 26-2411 Response"). Even if the CV 26-2411 Response was construed as a Response to the OSC issued in this action, it does not change the Court's conclusion that it lacks subject matter jurisdiction.

Defendant Dominguez claims that he is an individual domiciled in Arizona, while Plaintiff Alta Zarco is an individual domiciled in California. However, Defendant Dominguez "acknowledges that Defendant California Trusted Contractor, Inc. is a California corporation with its principal place of business in California, which would ordinarily defeat complete diversity if retained as a party to this removed action." (CV 26-2411 Response ¶ 4). Defendant Dominguez requests that the Court "exercise its discretionary authority under Federal Rule of Civil Procedure 21 to DROP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV-26-02685-MWF (RAOx) Date: October 19, 2026**
Title: Alta Zarco v. California Trusted Contractor, Inc., et al.

Defendant California Trusted Contractor, Inc. from this action in order to cure the jurisdictional defect and maintain complete diversity." (*Id.* ¶ 5).

California Trusted Contractor, Inc. is a party to the contract at issue in this action. (Docket No. 7 (the "Complaint") ¶¶ 26, 31). As "a party to the [] agreement sought to be enforced, it is an indispensable party under Fed. R. Civ. P. 19." *McClendon v. U.S.*, 885 F.2d 627, 633 (9th Cir. 1989). Accordingly, California Trusted Contractor, Inc. is an indispensable party, and its citizenship must be considered for the purpose of determining whether diversity jurisdiction exists. Because Alta Zarco is domiciled in California and California Trusted Contractor. Inc. is a California corporation, diversity jurisdiction does not exist.

Defendant has failed to demonstrate this Court has subject matter jurisdiction. Accordingly, the Court must remand the action. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.